**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Brian Vossen II**
**Claimant Below, Petitioner**

**v.)**     **No. 25-731**     (JCN: 2024061762)
                                        (ICA No. 25-ICA-67)

**Marshall County Coal Resources**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Brian Vossen II appeals the August 29, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Vossen v. Marshall Co. Coal Resources*, No. 25-ICA-67, 2025 WL 2491317 (W. Va. Ct. App. Aug. 29, 2025) (memorandum decision). The respondent, Marshall County Coal Resources, filed a timely response.[1] The issue on appeal is whether the Board of Review erred in affirming the claim administrator's June 19, 2024, order, which rejected the claim. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

On appeal, the claimant argues that his right eye was injured in the course of and resulting from his employment on June 4, 2024, when the wind blew a combination of dirt, coal dust, and calcium into his face while he was operating an excavator. The claimant sought treatment from MedExpress the following day and was assessed with a corneal ulcer. He contends that a reasonable person would conclude that the corneal ulcer resulted from the sequence of events that occurred on June 4, 2024. The claimant further argues that there is a causal connection between his injury and his employment because the bacterium identified from the cultures taken from his right eye is known to be frequently found in dirt and soil. Because the claimant had no eye symptoms prior to his event at work on June 4, 2024, he argues, pursuant to *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), that it must be presumed that the corneal ulcer is the result of the work incident that was reported.

The employer counters by arguing that the claim administrator rejected the claim on the basis that the claimant provided conflicting information regarding how his injury occurred, because the claimant's description of the alleged mechanism of injury changed significantly over

---

[1] The petitioner is represented by counsel J. Thomas Greene Jr. and T. Colin Greene, and the respondent is represented by counsel Aimee M. Stern.

1

time. Moreover, the respondent argues that none of the ophthalmologists stated that the corneal ulcer was caused by his work; however, multiple medical providers documented that the claimant suffered from poor contact lens hygiene. In light of the evidence of record, the employer argues that the ICA was not clearly wrong in affirming the Board of Review's finding that the claimant failed to meet his burden of proving that he suffered an injury to his right eye in the course of and resulting from his employment. As such, the ICA's order should be affirmed.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: June 1, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III